IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN WADE, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01185-JPG |
| | ) |
| BRIAN SABO, | ) |
| KARL PUNNIER, | ) |
| CHARLES GERMAINE, | ) |
| THOMAS MESSE, | ) |
| C/O JOHNSON, | ) |
| MICHAEL BATNAK, | ) |
| SGT. COOK, and | ) |
| C/O ZANTE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Devin Wade, Jr., a detainee at St. Clair County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at the Jail. (Doc. 1). Plaintiff alleges that he was injured in a fight with another inmate because the defendants failed to repair the broken locks on the cell doors in A-Block. (Doc. 1, pp. 2-3). He asserts a claim against the defendants for failing to protect him from an unreasonable risk of harm posed by the conditions of his confinement. *Id.* Plaintiff seeks monetary damages. (Doc. 1, p. 4).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

According to the Complaint, Plaintiff was injured during an altercation with another inmate at the Jail on May 26, 2018. (Doc. 1, p. 2). The fight allegedly could have been avoided, if the defendants had followed the Jail's lockdown policy. *Id*. They failed to do so because the locks on the doors in A-Block were broken, and the defendants took no other steps to secure the cell block. *Id*. Just before the altercation occurred, someone asked Officer Carter to "try to close and lock the doors." (Doc. 1, p. 3). Carter agreed to "get it on [the] next round" but did not return to A-Block that night. *Id*.

All of the defendants were aware of the dangers posed by the unlocked doors, particularly at night when inmates roam freely through the unsecured areas. (Doc. 1, p. 2). Each defendant personally observed inmates wandering through the unlocked doors during routine checks of the A-Block. (Doc. 1, p. 3). Plaintiff and others complained directly to the defendants about their safety concerns. (Doc. 1, p. 2). In addition, Plaintiff filed a complaint with Mike Ripperda. (Doc. 1, pp. 2-3). He received no response to these complaints before filing suit.

## Discussion

In accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following count:

> **Count 1:** Claim against the defendants for failing to protect Plaintiff from an unreasonable risk of harm posed by the conditions of his confinement in A-Block.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claims not recognized above but encompassed by the allegations in the Complaint are considered dismissed without prejudice from this action for failure to satisfy the *Twombly* pleading standard.**

### Count 1

The legal standard that governs Plaintiff's claim depends on his status as a convicted person or a pretrial detainee during the relevant time period. The Eighth Amendment governs claims brought by prisoners and prohibits punishment that is considered "cruel and unusual." U.S. CONST. Amend. VIII. To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, a prisoner must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component requires the plaintiff to demonstrate that the condition resulted in unquestioned and serious deprivations of basic human needs or deprived him of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *Budd v. Motely* 711 F.3d 840, 842 (7th Cir. 2013) (citations omitted). The combination of conditions described in the Complaint—*i.e.*, broken locks, wandering inmates, nighttime fights, and injuries—satisfy the objective component of this claim at screening. *See, e.g., Dent v. Dennison*, 2017 WL 6507047, No. 17-

cv-01356-MJR (S.D. Ill. 2017) (conditions that included defective locks on cell doors supported conditions-of-confinement claim). The subjective component requires the plaintiff to show that each defendant responded with deliberate indifference to inmate health or safety. *Wilson*, 501 U.S. at 298. The allegations suggest that the defendants deliberately disregarded the dangers posed by the broken locks in A-Block. Accordingly, Count 1 survives preliminary review under the Eighth Amendment.

The claim also survives screening under the Fourteenth Amendment, which is a less demanding standard applicable to claims brought by pretrial detainees. *See Miranda v. County of Lake*, -- F.3d --, 2018 WL 3796482, at *9-11 (7th Cir. Aug. 10, 2018) (applying less demanding objective reasonableness standard to Fourteenth Amendment claim brought by pretrial detainee for inadequate medical care, instead of deliberate indifference standard that is applicable to Eighth Amendment claims brought by prisoners). *See also Wilson*, 501 U.S. at 303 (medical care is a type of condition of confinement). Regardless of Plaintiff's status as a convicted prisoner or a pretrial detainee, Count 1 survives screening against all of the named defendants.

With that said, no claims shall proceed against Officer Carter or Mike Ripperda. Although Plaintiff set forth allegations against both individuals in the statement of his claim, Plaintiff did not name either individual as a defendant in the case caption or list of defendants. Accordingly, this Court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Any claims against Officer Carter and/or Mike Ripperda shall be considered dismissed without prejudice from this action.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening under 28 U.S.C. § 1915A and is subject to further review against all of the defendants, in their individual and official capacities. As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **BRIAN SABO, KARL PUNNIER, CHARLES GERMAINE, THOMAS MESSE, C/O JOHNSON, MICHAEL BATNAK, SERGEANT COOK,** and **C/O ZANTE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 6, 2018**

                                                    **s/J. Phil Gilbert**
                                                  **J. PHIL GILBERT**
                                                  **United States District Judge**