IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN WADE, Jr., | ) |
|                         Plaintiff, | ) |
| vs. | ) Case No. 18-cv-01185-JPG |
| BRIAN SABO, KARL PANNIER, CHARLES GERMAINE, THOMAS MESEY, BLAKE JOHNSON, MICHAEL BUJNAK, and DARRELL COOK, | ) |
|                         Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Devin Wade, Jr., filed this action pursuant to 42 U.S.C. § 1983 on June 1, 2018, for alleged violations of his constitutional rights at St. Clair County Jail. (Doc. 1). He was allowed to proceed with a single claim against the defendants for failing to protect him from an unreasonable risk of harm posed by the conditions of his confinement in A-Block. (Doc. 12). To date, Plaintiff has failed to prosecute this claim, and this action shall be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff has not communicated with the Court since entry of the initial screening order on September 6, 2018. (Doc. 12). The Court repeatedly warned him that this action would be dismissed for failure to prosecute his claim(s) and/or for failure to comply with a court order, if he failed to update his address. (*See, e.g.,* Docs. 2, 3, 8, 10, 12). Plaintiff last updated his address on June 25, 2018, after being release from St. Clair County Jail. (Doc. 7). Since then, Defendants

1

report that Plaintiff's address has changed more than once. (Doc. 35 at ¶¶ 8-11). Plaintiff has not notified the Court of these address changes.

He has also missed several important deadlines in this matter, including his deadline for providing identifying information for C/O Zante (Docs. 23, 28, 29) and the deadline for making his Initial Disclosures (Docs. 31, 35). When Defendants filed a Motion to Compel production of the Initial Disclosures, Plaintiff filed no written response. (Doc. 35). He also failed to appear at the hearing on the motion. (Doc. 36).

On October 31, 2019, the Court entered an Order requiring Plaintiff to show cause why this case should not be dismissed for failure to prosecute his claim. (Doc. 38). The deadline for responding to the Order to Show Cause was December 2, 2019. (*Id.*). Plaintiff did not respond. (*Id.*). More than a week has passed since the deadline expired, and the Court has received no communication from him.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Court's Order to Show Cause (Doc. 38) and his consistent failure to prosecute his claim. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with a Court Order (Doc. 38) and his failure to prosecute his claim herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*,

34 F.3d 466 (7th Cir. 1994). All pending motions (Doc. 35) are **DISMISSED** as **MOOT**. The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  December 12, 2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**